UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


UNITED STATES OF AMERICA,         )      Case No.: 1:20 CR 565
                                      )
     Plaintiff                 )      JUDGE SOLOMON OLIVER, JR.
                                        )
     v.                    )
                                        )
CLEOPHUS THOMPSON,              )
                                        )
     Defendant               )      <u>ORDER</u>


Currently pending before the court in the above-captioned case is Defendant Cleophus

Thompson's ("Defendant" or "Thompson") Motion to Reopen Detention Hearing ("Motion")

(ECF No. 35). For the following reasons, the court denies the Motion.

## I.  BACKGROUND

On September 24, 2020, a federal grand jury indicted Defendant on one count

of intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(C); one count of possession of a firearm in furtherance of a drug trafficking

offense, in violation of 18 U.S.C. § 924(c)(1)(A)(I); and one count of possession

of a firearm under a disability, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2). (ECF No. 3.) Defendant subsequently pled not guilty. After a detention

hearing on October 6, 2020, the Magistrate Judge ordered him detained pending trial. (ECF No. 18.) Specifically, the Magistrate Judge found that, although Defendant presented evidence sufficient to rebut the presumption of detention under 18 U.S.C. §3142(e)(3), clear and convincing evidence established that Defendant poses a risk to the community if released. On March 3, 2021, Defendant filed this Motion (ECF No. 35), asking the court to reopen the detention hearing. The United States filed a Response in Opposition (ECF No. 36) on March 4, 2021.

## II. LAW AND ANALYSIS

### A. Reopening Detention Proceedings

A court can reopen a detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. §3142(f)(2). Here, Defendant identifies no newly discovered information or change in circumstances that warrants reopening the detention proceedings. In support of his Motion, Defendant first asserts that he learned through the discovery process that his co-defendant admits responsibility for the drugs and gun that give rise to the charges in this case. (Mot. at PageID #201-02, ECF No. 35).

But the Magistrate Judge heard similar information at the detention hearing, so it is not new evidence. Moreover, the Government indicates that, despite the co-Defendant purportedly accepting responsibility, there is substantial evidence implicating Defendant in the alleged offenses—including DNA found on the firearm and text messages consistent with drug trafficking. (Resp. at PageID #207–208, ECF No. 36.) Second, Defendant contends that he suffers from myriad health issues that require treatment and justify his release. (Mot. at PageID #202, ECF No. 35.) But Defendant noticeably does not suggest this information is new, nor does he attach any records to corroborate his claim. Because Defendant fails to present any basis to reopen the detention proceedings under § 3142(f)(2), the court denies his Motion.

## B.    Merits

Even if the court were to reopen the detention proceedings, Defendant would not be entitled to relief. Certain offenses carry a rebuttable presumption of detention, meaning the court presumes the defendant is a flight risk and a danger to the community. *See* 18 U.S.C. §§ 3142(e)(2)-(3). To avoid detention, a defendant facing such charges must present evidence to rebut the presumption. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). But even if the defendant rebuts the presumption, 18 U.S.C. § 3142(e) requires detention if the court finds by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community, or if a preponderance of the evidence shows that no conditions will reasonably assure the defendant's appearance at future proceedings. To determine whether suitable conditions of release exist, district courts consider: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including their character, mental and physical condition, family and community ties, employment status, financial resources, criminal history, substance-abuse history, and probation or supervised release status; and (4) the nature and seriousness of the danger posed to the community by the defendant's potential release. 18 U.S.C. § 3142(g).

Here, the Magistrate Judge ordered pretrial detention based on the weight of evidence showing that Defendant poses a danger to the community; the long period of incarceration he faces if convicted; his extensive prior criminal history; his penchant for criminal activity while on probation, parole, or supervision; his history of violence, use of weapons, and substance abuse; and his lack of stable employment. (Order, ECF No. 18.) Given these factors, the Magistrate Judge found by clear and convincing evidence that Defendant poses a risk to the community if released. Therefore, the Magistrate ordered Defendant detained pending trial despite finding that Defendant had rebutted the statutory presumption of detention imposed by § 3142(e)(3).

After *de novo* review, this court agrees. First, the nature and circumstances of the alleged offense include inherently dangerous controlled substances and a firearm. 18 U.S.C. § 3142(g)(1). Second, the evidence of dangerousness is quite strong. 18 U.S.C. § 3142(g)(2). As the Government correctly notes, this factor considers evidence of dangerousness, not evidence regarding the ultimate question of Defendant's guilt. (Resp. at PageID #207, ECF No. 36 (citing *Stone*, 608 F.3d at 948).) Given Defendant's lengthy criminal history, which includes assault, firearm offenses, and numerous drug crimes, some of which were committed while Defendant was on parole or otherwise under supervision, the second factor supports

ˇ5ˇ

detention. (*See id.* at PageID#208-14.) The third and fourth factors similarly support detention. As the discussion above makes clear, Defendant's history and characteristics suggest he is a danger to the community, 18 U.S.C. §3142(g)(3), and the nature and seriousness of that danger weighs strongly against release, 18 U.S.C. §3142(g)(4). Consequently, the record shows that pretrial detention is necessary.

### III.  CONCLUSION

For the foregoing reasons, the court denies Defendant's  Motion (ECF No. 35).

IT IS SO ORDERED.

/s/      SOLOMON      OLIVER,      JR.

UNITED STATES DISTRICT JUDGE

March 17, 2021